UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Julie Henne,

        Plaintiff,

    v.

Great River Regional Library,

        Defendant.

Case No. 19-cv-2758 (WMW/LIB)

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

---

This matter is before the Court on the Defendant's motion for partial judgment on the pleadings. (Dkt. 12.) For the reasons addressed below, the Defendant's motion is granted.

## BACKGROUND

Defendant Great River Regional Library (Library), a regional library system based in Saint Cloud, Minnesota, employed Plaintiff Julie Henne between August 2007 and September 2017. During the period of time relevant to this lawsuit, Henne served as the associate director of public relations, reporting to the Library's executive director, Karen Pundsack. On or about January 9, 2017, Henne advised Pundsack that Henne would take her spouse, who had been diagnosed with terminal cancer, to his chemotherapy appointments. Henne also advised Pundsack that she was experiencing mental health challenges, which were subsequently diagnosed as anxiety and depression. In June 2017, Pundsack allegedly expressed concerns regarding Henne's leadership abilities, and Henne

subsequently was placed on a 30-day corrective-action plan. Ultimately, the Library terminated Henne's employment on September 29, 2017.

Henne alleges that the Library violated the Minnesota Human Rights Act (Counts I–III), the Americans with Disabilities Act (Counts IV–V), and the Family Medical Leave Act (FMLA) (Count VI). The Library moves for partial judgment on the pleadings, seeking to dismiss Count VI of the complaint.

## ANALYSIS

### I. Judgment-on-the-Pleadings Standard

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The same legal standard used to evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., applies to a motion for judgment on the pleadings, *see Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions couched as factual allegations may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.      Family and Medical Leave Act**

Henne alleges that the Library interfered with her FMLA benefits because the Library failed to provide notice that she was eligible to take leave under the FMLA.  "To prevail on an interference claim, an employee must show she was (1) entitled to a benefit under the FMLA, (2) the employer interfered with that entitlement, and (3) the reason for the denial was connected to the employee's FMLA leave."  *Thompson v. Kanabec County*, 958 F.3d 698, 705 (8th Cir. 2020) (internal quotation marks omitted).  "Even if successful on this front, a claim for interference will fail unless the employee also shows that the employer's interference prejudiced the employee as the result of a real, remediable impairment of her rights under the FMLA."  *Id.* at 705–06 (internal quotation marks omitted).  The FMLA provides that:

> an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
>
> . . . .
>
> (C) **In order to care for the spouse**, or a son, daughter, or parent, of the employee, **if such spouse**, son, daughter, or parent **has a serious health condition**.
>
> (D) **Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee**.

29 U.S.C. § 2612(a)(1)(C)–(D) (emphasis added).  An employer has an obligation to provide notice to the employee regarding the employee's eligibility to take FMLA leave (FMLA Notice).  29 C.F.R. § 825.300(b).  An employer's FMLA-Notice obligation is

triggered, generally speaking, by one of two events: (1) an employee requests FMLA leave or (2) an employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason. 29 C.F.R. § 825.300(b)(1).[1]

It is undisputed that Henne never requested FMLA leave. However, Henne argues that the Library failed to provide FMLA Notice after acquiring knowledge that (1) Henne's spouse had cancer and (2) Henne herself was experiencing anxiety and depression. These arguments are addressed in turn.

## A. Spouse's Cancer

The Library argues that, because Henne did not take leave, it had no obligation to provide FMLA Notice. Henne argues the Library was obligated to give her FMLA Notice when it learned that Henne would be taking her spouse to chemotherapy appointments.

As addressed above, an employee whose spouse has a "serious health condition" is eligible for FMLA leave. 29 U.S.C. § 2612(a)(1)(C).[2] And "when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances. . . . Employee eligibility is determined (and notice must be provided) at the commencement of the first instance of leave for each FMLA-qualifying reason . . . ." 29 C.F.R. § 825.300(b)(1).

---

[1] Whether Henne is an eligible employee is not in dispute. *See* 29 C.F.R. § 825.110.

[2] The parties agree that cancer is a serious health condition. *See* 29 U.S.C. §§ 2611(11), 2612(a)(1)(C).

Here, Henne alleges that she notified Pundsack on or about January 9, 2017, that her spouse was undergoing chemotherapy. Although Pundsack suggested Henne take a "leave of absence," Henne stated that she would use paid time off to take her spouse to his chemotherapy appointments, as she had done in the past. The complaint alleges that on February 6, 2017, Henne's spouse underwent chemotherapy and Henne arrived at work "[l]ater that day."[3] As alleged, the facts are vague as to whether Henne took leave to care for her spouse while her spouse had cancer. And Henne does not cite, nor has the Court's research found, any cases holding that an employer is liable for purported FMLA-Notice violations if the employee does not take leave.[4] Even if the Library incurred an FMLA-Notice obligation, however, Henne's claim fails if she was not prejudiced by the Library's failure to meet its obligation. *See Thompson*, 958 F.3d at 705–06.

---

[3] At the hearing on the motion for partial judgment on the pleadings, the Court asked counsel for Henne whether Henne ever took leave. Henne's counsel responded that Henne routinely took leave to take her spouse to appointments. But the record remains unclear as to whether Henne actually took leave *from work* to take her spouse to these appointments. For instance, whether Henne arranged her work schedule to accommodate these appointments without taking leave, regardless of how the leave was classified, remains unclear. Moreover, the complaint includes no allegations that Henne "routinely" took her spouse to appointments. When ruling on a motion for judgment on the pleadings, the Court considers only allegations in the complaint. *See* Fed. R. Civ. P. 12(d).

[4] When asked to identify legal authority for the proposition that a plaintiff who could have taken leave, but did not in fact do so, had a cognizable FMLA claim, counsel for Henne cited *Young v. Wackenhut Corp.*, No. 10-2608 (DMC)(JAD), 2013 WL 435971 (D.N.J. Feb. 1, 2013). But *Young* is inapposite. In *Young* the plaintiff *actually took leave* between June and November 2009. 2013 WL 4355971, at *1.

Here, the complaint does not allege that Henne sustained prejudice.[5]  Moreover, not only is the record silent as to whether Henne *actually took any leave* in connection with her spouse's serious health condition, but the record does not clearly indicate and Henne does not allege that she *would have taken FMLA leave* if given the option.  This is because Henne declined taking a "leave of absence" on the basis that she could not afford to do so, choosing to use paid time off instead.  *See* 29 U.S.C. § 2612(c) (providing that FMLA leave is unpaid).

Henne argues that she need not prove damages or harm at this stage in the proceedings and, therefore, *Thompson* should not govern the Court's analysis.  But proof of damages is not at issue here.  The salient issue is whether the Library's purported interference with Henne's FMLA rights allegedly *prejudiced* Henne.

Finally, Henne argues that she suffered harm because the Library terminated her employment.  The Library responds that Henne's damage claims as alleged in the complaint fail to satisfy the requisite legal standard.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a claim that survives a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  The complaint, which alleges conclusory damages claims, fails to allege how such damages relate to the Library's alleged failure to provide FMLA Notice.  For this reason, the complaint fails to allege prejudice arising out of the Library's purported FMLA interference.

---

[5]     At the hearing on the motion for partial judgment on the pleadings, counsel for Henne suggested that the Library deprived Henne of the right to make an informed decision about whether to take FMLA leave.  But such allegations are not in the complaint. *See* Fed. R. Civ. P. 12(d).

For these reasons, Henne has failed to state an FMLA-Notice claim relating to her spouse's cancer treatments.

**B.    Anxiety and Depression**

The Library argues that Henne's alleged anxiety and depression do not constitute serious health conditions under the FMLA and, therefore, Henne's FMLA-Notice claim relating to her anxiety and depression fails. The Library also contends that the anxiety and depression that Henne experienced failed to qualify her for FMLA leave because these conditions did not prevent her from performing the functions of her job. Henne responds that her anxiety and depression constitute serious health conditions.

If an employee's serious health condition renders the employee unable to perform the functions of the employee's job, that employee is eligible for FMLA leave. 29 U.S.C. § 2612(a)(1)(D). Assuming without deciding that Henne's alleged anxiety and depression constitute serious health conditions as defined under the FMLA, *see* 29 U.S.C. § 2611(11), Henne does not allege that the anxiety and depression she experienced prevented her from performing the functions of her job, *see* 29 U.S.C. § 2612(a)(1)(D). As Henne's anxiety and depression did not make her eligible for FMLA leave, Henne has not stated an FMLA-Notice claim relating to her anxiety and depression.

In summary, because Henne has failed to state an FMLA-Notice claim relating to either her spouse's cancer or her own anxiety and depression, the Library's motion for partial judgment on the pleadings is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant Great River Regional Library's motion for partial judgment on the pleadings, (Dkt. 12), is **GRANTED** and Count VI of the complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated:  June 18, 2021                                            s/Wilhelmina M. Wright
                                                                              Wilhelmina M. Wright
                                                                              United States District Judge